| | |
|---|---|
| CHELSEE BOYER, | ) |
| On Behalf of Herself and | ) |
| All Others Similarly Situated, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:18-cv-76 |
| | ) |
| DEW RAW, INC., D/B/A Minsky's | ) |
| | ) |
| Serve: | ) |
| Ryan Wescott | ) |
| 2551 S. 291 Hwy | ) |
| Independence, MO 64057 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Chelsee Boyer, and all other individuals similarly situated, by and through their attorneys of record, the undersigned, and hereby set forth, collectively, their causes of action against Defendant Dew Raw, Inc., under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA. In support thereof, the Plaintiff asserts and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant for unpaid minimum wage and overtime compensation, and related penalties and damages.

2. Defendant's policy and practice is to deny minimum wages and overtime pay to servers working at its restaurants. Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.;*

3. Plaintiff previously worked as a server for Defendant's place of business in Independence, MO from approximately January 2013 until approximately September 2017.

4. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

5. Plaintiff and others similarly situated bring this action against Dew Raw, Inc. (hereinafter, "Dew Raw", or "Minsky's"), for unpaid wages, and related penalties and damages.

6. Defendant's practices and policies have resulted in Defendant willfully failing to properly pay straight time and overtime due and owing to Plaintiffs and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

7. Further, Defendant has received the benefits of the work of the Plaintiffs and others similarly situated, and failed to compensate them for the reasonable value of these services.

8. Defendant has claimed the tip credit on the Plaintiffs and other similarly situated employees, despite not actually paying the putative Plaintiffs the actual tips or giving them adequate required notice. Thus, the Defendant is in violation of the FLSA and its tip credit requirements, and therefore, have failed to pay their putative Plaintiffs their due minimum wage and overtime as required by the Act.

9. Defendant has failed to pay wages and overtime to its hourly employees by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiffs and others similarly situated seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendant; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and § 1337.

11. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law class action claims brought under the laws of Missouri.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and has substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

13. Plaintiff is a resident of Jackson County, Missouri.

14. At all relevant times, Plaintiff was employed as a server for Defendant.

15. At all times relevant to this action, Plaintiff worked at Defendant's place of business, located in Blue Springs, MO).

16. Dew Raw is a corporation organized under the laws of Missouri, with its principal place of business located in the State of Missouri. Upon information and belief, Dew Raw owns and operates Minsky's Pizza restaurants in Missouri.

3

17. At all times relevant to this action, Dew Raw owned and/or operated restaurants called Minsky's Pizza that serve gourmet pizza and cuisine to their customers.

18. At all times relevant to this action, Defendant Dew Raw was authorized to do business and was in fact doing business in the State of Missouri.

19. At all relevant times herein, Defendant operated restaurants in Missouri.

20. At all relevant times, Defendant as the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

21. Plaintiff brings Count I, the FLSA claim for servers and/or bartenders, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and of the following class of persons:

> All Dew Raw servers employed by Defendant, within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week.

22. Plaintiff brings her state law claims in Count II under state law as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

> All Dew Raw servers employed by Defendant in the state of Missouri within two years of the filing of this action. Mo. Rev. Stat. 290.500, et. Seq.; Mo. Code Regs. Ann. tit. 8, § 30-4.020.

4

23. The class satisfies the numerosity standards in that the class numbers are understood to be over 30 during the statutory period. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

24. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether all class members were paid based on the "tip credit";

   b. Whether Defendant was entitled to take a credit against minimum wages for some or all of the hours worked by the class members from class members' tips;

   c. Whether Defendant provided the proper notice to its employees that it intended to take the tip credit;

   d. Whether Defendant recorded the amount of time spent performing non-tip-producing activities;

   e. Whether Defendant knew or had reason to know its policies and compensation practices were unlawful, and

   f. Whether Defendant retained a benefit from such unlawful policies and compensation practices.

25. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

26. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or

similar unlawful practices as the Plaintiff.

27. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

28. The Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and her undersigned counsel, who have experience in employment and class action lawsuits.

29. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

30. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

31. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendant' FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from

the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

32. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I

## Violation of the Fair Labor Standards Act

### (Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)

33. Plaintiff re-alleges the allegations as set forth above.

34. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

35. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

36. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because each is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

37. At all relevant times, Defendant has been, and continue to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

39. At all times relevant herein, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

40. Plaintiff was employed by Defendant. During this time frame, Plaintiff performed work for Defendant in the position of server.

41. During the statutory period, Plaintiff was paid an hourly wage of $3.65 per hour, and received tips.

42. Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other servers who had the same job duties and compensation structure as Plaintiff.

43. Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendant's common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

44. The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

45. Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

46. At all relevant times, Defendant had a policy and practice of failing to properly pay minimum wages because Defendant has violated the rules for using the tip credit, including that it requires servers to spend more than 20 percent of their time engaged in non-tip-producing activities and/or failed to properly inform them of its intent to take a credit against tipped employees wages.

8

Case 4:18-cv-00076-FJG   Document 1   Filed 01/26/18   Page 8 of 13

47. At all relevant times, Defendant also had a policy and practice of failing to properly pay minimum wages because Defendant had a policy and plan of requiring servers to pool their tips with non-tip-earning employees.

48. Defendant's failure to properly compensate Plaintiff and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the Fair Labor Standards Act's minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

49. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its servers under the same unlawful policies and procedures that are set forth in detail herein.

50. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Plaintiff, and all others similarly situated, seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable

attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper,

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action:

b. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiff, and all similarly situated employees, pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiff and all similarly situated employees' attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e. Issue a declaration that Defendant has violated state and federal law; and

f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II

### VIOLATIONS OF STATE WAGE LAW - Mo. Rev. Stat. 290.500, et. Seq.; Mo. Code Regs. Ann. tit. 8, § 30-4.020

53. Plaintiff incorporates the foregoing paragraphs 1 through and including 53 as if fully set forth herein.

54. Plaintiff and the putative class were employed by the Defendant and were paid wages below the minimum wage pursuant to the state laws of Missouri.

55. Said work often required Plaintiff and the putative class were to work in excess of

forty (40) hours per week.

56. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

57. Plaintiff and the putative class were treated as non-exempt employees by the Defendant.

58. Defendant employ/employed other employees at its restaurants who are/were paid below the minimum wage requirements and were treated as non-exempt employees under the wage statutes in Missouri. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

59. These "similarly situated" employees were compensated at a tip credit rate, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

60. During the pertinent time periods, the proper rate of pay under the pertinent state law exceeded the state's tip credit rate.

61. These employees are similarly situated in that they are all subject to Defendant' identical compensation policies and plan that fail to compensate them full minimum wage for time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

62. These employees are also similarly situated in that they are all subject to Defendant's identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

63. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because her claims are similar to the claims of the putative class

11

Case 4:18-cv-00076-FJG   Document 1   Filed 01/26/18   Page 11 of 13

members.

64. The names and addresses of the putative class members are available from Defendant. The Defendant failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the State Wage Laws.

65. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the state wage laws in Missouri.

66. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Boyer as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**THE HODGSON LAW FIRM, LLC**

/s/ Michael Hodgson
Michael Hodgson KS Bar No. 21331
3699 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
(p) 816.600.0117
(f) 816.600.0137

**ATTORNEY FOR PLAINTIFF AND THE PUTATIVE CLASS**